### PEOPLE v. MITCHELL.

CRIMINAL LAW—FELONIOUS ASSAULT—EVIDENCE—OTHER WEAPONS—
INTENT.

> Trial court's admission into evidence of several dangerous weapons found on defendant arrested on charge of felonious assault with a knife *held,* proper under statute permitting admission of evidence of other acts of defendant as bearing on defendant's motive or intent or absence of mistake, and not so prejudicial as to have deprived defendant of a fair trial (CL 1948, §§ 750.82, 768.27).

Appeal from Macomb, Jeannette (Frank E.), J. Submitted Division 2 October 9, 1968, at Lansing. (Docket No. 4,871.)   Decided October 22, 1968.

James R. Mitchell was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*James C. Kotwick,* for defendant on appeal.

PER CURIAM.   Defendant was convicted by a jury of assault with a deadly weapon, a knife, but without intent to commit murder, and without intent to in-

---

flict great bodily harm less than murder, CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277), and he was sentenced.

When arrested about 6 hours after the assault, defendant was carrying in addition to the knife involved, a hunting knife and sheath, a blackjack and 2 pistols. At trial, the arresting officer was permitted to testify, over objection, that defendant had these other weapons on his person when arrested. Defendant admitted the stabbing but claimed it was accidental.

On appeal, defendant contends the admission of this testimony concerning other weapons was improper and so prejudicial as to deny him a fair trial. We hold such testimony admissible under the provisions of CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050).

Affirmed.

QUINN, P. J., and HOLBROOK and VANDER WAL, JJ., concurred.